UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MOHAMMAD ABDUL BASSIR, | ) | CASE NO. 4:14 CV 2832 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| RALPH HANSON, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

Before the Court is *pro se* Petitioner Mohammad Abdul Bassir's *in forma pauperis*
habeas corpus petition, filed pursuant to 28 U.S.C. § 2241.  Petitioner is an inmate at the Federal
Correctional Institution at Elkton.  He asserts that federal Bureau of Prisons ("BOP") policies
entitle him to transfer to a federal prison camp, but that he is being denied transfer because of
BOP's inappropriate application of a "Greater Security Management Variable."

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the
district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).
Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to
prisoners being held in violation of the Constitution or laws or treaties of the United States."
*Rice v. White*, 660 F.3d 242, 249 (6th Cir.2011) (internal quotation marks omitted).

Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in
his favor, and his pleadings are held to a less stringent standard than those prepared by counsel.

*Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir.2001).  This Court may, however, dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief.  *Hilton v. Braunskill*, 481 U.S. 770, 775(1987); *see also, Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970) (district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

Under 18 U.S.C. § 3621(b), BOP is charged with the responsibility of designating the place of a prisoner's confinement. This statute provides that BOP may designate any available correctional facility that meets minimum standards of health and habitability.  Further, all transfers and prison assignments are functions wholly within the discretion of the BOP.  *See Olim v. Wakinekona*, 461 U.S. 238, 245(1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Inmates have no right to be housed in a particular institution or a particular part of an institution. *See Montanye v. Haymes*, 427 U.S. 236, 242(1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir.1986).

Even construing the Petition liberally, there is no reasonable suggestion that BOP failed to exercise its discretion properly in this case.  Accordingly, Petitioner is not entitled to habeas relief.

Based on the foregoing, the request to proceed *in forma pauperis* is granted and this case is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: <u>April 16, 2015</u>          */s/ John R. Adams*
                                    JOHN R. ADAMS
                                    UNITED STATES DISTRICT JUDGE